1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

8   Jason Cooper,                          Case No. 2:21-cv-1077-GMN-BNW

9                    Plaintiff,

10         v.                              **ORDER & REPORT AND**
                                           **RECOMMENDATION**
11   Shelby County Jail, et al.,

12                    Defendants.

13

14         Jason Cooper, an inmate at the Shelby County Jail in Tennessee, has applied to proceed *in*

15   *forma pauperis*. ECF No. 1. Cooper appears to bring claims under 42 U.S.C. § 1983 for violations

16   of his rights in relation to a criminal case in Tennessee. ECF No. 6. Specifically, Cooper alleges

17   that his rights to a preliminary hearing, to face his accuser, and to a speedy trial were violated by

18   the prosecutor, judge, and county jail.

19   **I.    *In Forma Pauperis* Application**

20         Cooper submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to

21   prepay fees or costs or give security for them.  Accordingly, the court will grant Cooper's request

22   to proceed *in forma pauperis*.  The court now screens Cooper's complaint.

23   **II.   Screening**

24         Courts must conduct a preliminary screening in any case in which a prisoner seeks redress

25   from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

26   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

27   that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

28   monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Pro. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **a.**    **Claims Against the Judge Who Presided Over Cooper's Criminal Case**

Cooper names the judge that presided over his criminal case in Tennessee as a defendant. "Absolute immunity is generally accorded to judges . . . functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964).

Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges retain immunity even when they misinterpret the law or when their actions are erroneous and malicious.  *See Wilson*, 2009 WL 1940102, at *2 (collecting cases).

Even liberally construing Cooper's complaint, the Court finds that the claims against the judge who presided over his criminal case are barred by judicial immunity. The judge's actions constituted judicial acts because they were taken as part of his normal function as a state court judge; the events occurred at or in relation to a court hearing; the events related to a case pending before him; and his acts were done in his official capacity. Cooper does not allege facts indicating that the judge's actions were not judicial acts or that the judge acted in the clear absence of all jurisdiction. Accordingly, the Court will recommend that Cooper's current claims against the judge who presided over his criminal case be dismissed. If Cooper has claims for other actions the judge took, that were not judicial acts or that he/she took in the clear absence of all jurisdiction, Cooper may bring a different suit for these claims. As explained in more detail below, however, Cooper should consider whether venue is proper in the District of Nevada or is proper in Tennessee.

**b.**      **Claims Against the Prosecuting Attorney**

Cooper also sues the district attorney that prosecuted his criminal case. Prosecutors are also entitled to immunity in certain circumstances. Prosecutors are entitled to immunity from Section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler v.*

*Pachtman*, 424 U.S. 409, 420 (1976). To maintain a Section 1983 claim against a prosecuting attorney, there must be proof that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001).

Here, Cooper alleges that the prosecutor violated his rights to a preliminary hearing, to face his accuser, and to a speedy trial. The violations identified by Cooper relate to actions taken by the prosecutor within the scope of his/her prosecutorial duties. Therefore, the prosecutor is immune from the claims Cooper alleges. If Cooper has claims for other actions the prosecutor took, that were outside his prosecutorial duties and functions, Cooper may bring a different suit for these claims. As explained in more detail below, however, Cooper should consider whether venue is proper in the District of Nevada or is proper in Tennessee.

### c. Claims Against the County Jail

Although Cooper named the Shelby County Jail as a defendant, the jail itself is not an entity that can be sued apart from the county that operates it. *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, the Court will recommend that the claims against the Shelby County Jail be dismissed without leave to amend.

### d. Venue

Lastly, venue is not proper in the District of Nevada for Cooper's claims. "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws"—and the question whether venue is proper generally is governed by 28 U.S.C. § 1391. *Id.* Section 1391 provides that venue is proper: (1) in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)–(3). Here, Cooper alleges that all the defendants reside in Tennessee. ECF No. 6 at 2. And it appears that the acts

giving rise to the claims took place in Tennessee. Thus, venue would be proper in Tennessee under Section 1391, subsections 1 and 2, and would not be proper in the District of Nevada. Accordingly, the Court will recommend that the claims in this district be dismissed without leave to amend.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Cooper's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.  Cooper will not be required to pay the filing fee in this action. Cooper is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Cooper's complaint be DISMISSED without leave to amend. First, the judge in Cooper's criminal case and the prosecuting attorney are immune from the claims Cooper alleges. Second, venue for Cooper's current claims is not proper in the District of Nevada.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 14, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE